Dear Sir:
You have requested an opinion from this office regarding the authority of the Iberville Parish Police Jury to regulate and/or prohibit the installation of a culvert and crossing of a parish drainage canal for the purpose of completing a driveway connection to a public subdivision road.
The first issue is the authority of the Police Jury to regulate the time, place and manner of works affecting the drainage in the parish. Your opinion request and the accompanying documents clearly indicates that the Police Jury has routinely permitted installation of culverts and the covering of sections of drainage canals for the benefit of individual landowners. The stated policy is to do the dirt work if the landowner pays the cost of the culvert itself. The decision to install the culvert, which includes evaluation of the potential impacts of change from the natural drainage configuration, is a reasonable exercise of the authority and discretion of the Police Jury under the provisions of LA. R.S.33:3301, et seq. and LA. R.S. 38:141, et seq.
The second issue deals with the ability of the owner of the adjacent property to make the driveway connection across the drainage canal to the subdivision street in question. It is not clear from the information provided whether or not there is any land between the boundary of the adjacent landowner and the street in question.
If there is any such land, we will assume that it is part of the drainage canal and within the road right of way. If this is the case, then the issue is one for the Police Jury to decided in the exercise of its jurisdiction over the streets and roads of the parish. If the connection can be made without impacting the public safety then there is no ultra vires act by the governing authority. There is some reference in the materials to an ordinance that requires the majority approval of the landowners in the subdivision but we assume that is a covenant of the subdivision regarding construction of buildings and is not applicable to the driveway and culvert at issue.
There is no information included in the request that indicates the manner in which the approval of the construction of the driveway was approved, if it in fact has been approved. Given the obvious impact to the subdivision residents it would appear reasonable that adequate notice be given to all the affected landowners.
All of the circumstances of the construction of the driveway and the installation of the culvert would be the subject of inquiry, including, but not limited to, the hydrology of the drain, long term impacts on drainage, traffic studies, public safety considerations for the residents of the subdivision, alternative routes for ingress and egress that are less intrusive, schedules of activities at the church and anticipated traffic surges, among others.
In summary, it is our opinion that the decision to permit or deny the construction of the driveway across the drainage canal is totally within the discretion of the Police Jury. However, all due consideration should be made to the issues of mitigation of impacts from flooding and traffic.
Should you have any questions regarding the above please do not hesitate to contact the undersigned at your convenience.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT B. BARBOR Assistant Attorney General